FILED

November 17 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 09-0024

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 389

BOARD OF TRUSTEES, BUTTE-SILVER BOW
PUBLIC LIBRARY,

       Plaintiff and Appellee,

v.

BUTTE-SILVER BOW COUNTY,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Second Judicial District,
                      In and For the County of Butte-Silver Bow, Cause No. DV 08-267
                      Honorable Kurt Krueger, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

             Thomas M. Welsch, Poore, Roth & Robinson, Butte, Montana

       For Appellee:

             Peter Michael Meloy, Meloy Law Firm, Helena, Montana

       For Amicus:

             Steve Bullock, Montana Attorney General; James M. Scheier, Assistant
             Attorney General, Helena, Montana

                           Submitted on Briefs:  September 16, 2009

                                  Decided:  November 17, 2009

Filed:

                    _____
                                Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1      The Board of Trustees for the Butte-Silver Bow Public Library (the Board) brought an action against Butte-Silver Bow County (BSB) under the Uniform Declaratory Judgments Act. The Board asked the District Court to declare that the Board has exclusive authority to determine the salaries and compensation of Library employees. The Second Judicial District, Butte-Silver Bow County, granted summary judgment in favor of the Board. We affirm.

**ISSUE**

¶2      We review the following issue on appeal:

¶3      *Did the District Court properly grant summary judgment to the Board?*

**FACTUAL AND PROCEDURAL BACKGROUND**

¶4      The Butte-Silver Bow Public Library was established before 1900. The City of Butte and Silver Bow County were separate legal entities at that time. The citizens of the City of Butte and Silver Bow County adopted a consolidated form of government in 1977.

¶5      The Legislature enacted an "Act Providing for the Creation, Maintenance and Operation of Public Libraries in Counties and Cities" (Title 22, chapter 1, part 3, MCA) (the Act) in 1967. Section 22-1-310, MCA (2007), provides that the board of trustees of each library "shall appoint and set the compensation of the chief librarian who shall serve as the secretary of the board and shall serve at the pleasure of the board." The statute further provides that the board "shall employ and discharge such other persons as may be necessary in the administration of the affairs of the library, fix and pay their salaries and compensation,

2

and prescribe their duties." Section 22-1-310, MCA.

¶6     For its part, the newly formed BSB enacted Ordinance No. 69, which went into effect in January 1979. Ordinance No. 69 created the "Butte-Silver Bow Public Library Board," provided for the appointment of a Chief Librarian, and authorized the Board to enter into agreements concerning the operation and care of the Library. Ordinance No. 69 also gave the Board the authority to "supervise the affairs and management" of the Library.

¶7     The Chief Executive of BSB in early 2007 commissioned a study of pay and benefit equity issues across BSB. BSB sought to impose a classification system upon the Chief Librarian and the Library staff. BSB intended to adjust the salaries of the Library personnel based on the results of the study.

¶8     The Board filed a declaratory judgment action in District Court and asked the court to declare that the Board has the exclusive authority to determine the salaries and compensation of Library employees. The Board moved for summary judgment on the grounds that § 22-1-310, MCA (2007), controlled the outcome of the dispute. The Board argued that interpretation of the statute presented solely an issue of law.

¶9     The District Court granted the Board's motion for summary judgment. The court relied on the 1977 consolidation and Ordinance No. 69 as evidence that § 22-1-310, MCA (2007), applies to the Library. "Based on the Montana Legislative enactment of 1967 and [BSB's] enactment of Ordinance No. 69, it is difficult to find merit with [BSB's] argument that because the public library existed before 1967 that it is exempt" from the statutory scheme. The court noted that there was no case law germane to the dispute and referred to

3

several Montana Attorney General Opinions that determined that boards of trustees had sole authority to set salaries for library employees. The District Court observed that a primary purpose of the Act was to give boards of trustees the budgetary power to manage public libraries free from government interference. The court concluded that BSB did not have the authority to manipulate Library staff wages and that such authority belongs solely to the Board. BSB appeals.

## STANDARD OF REVIEW

¶10 We review de novo a district court's grant of summary judgment. *Citizen Advocates v. City Council*, 2006 MT 47, ¶ 16, 331 Mont. 269, 130 P.3d 1259. Summary judgment is appropriate only when "there is no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law." *Patterson v. Verizon Wireless*, 2005 MT 261, ¶ 9, 329 Mont. 79, 122 P.3d 1193. We review a district court's conclusions of law to determine if they are correct. *Steer, Inc. v. Department of Revenue*, 245 Mont. 470, 474, 803 P.2d 601, 603 (1990). We review de novo a district court's interpretation of statutes. *LHC, Inc. v. Alvarez*, 2007 MT 123, ¶ 13, 337 Mont. 294, 160 P.3d 502.

## DISCUSSION

¶11 *Did the District Court properly grant summary judgment to the Board?*

¶12 BSB directs our attention to § 22-1-301, MCA (2007), which defines a "public library" as a library created under §§ 22-1-303 to -317, MCA, "that provides library services to the public by means of central facilities, branch facilities, or bookmobiles." BSB maintains that the Library is not a "public library" within the ambit of the statutory scheme

4

because the Library was established before 1900, and the Library was not created pursuant to the Act.

¶13 The Act adopted by the Legislature in 1967 repealed the existing statutes governing libraries. In order to ensure that the Act would apply to libraries already in existence, the Act provides that "[a]ll public libraries heretofore established shall continue in existence, subject to the changes in administration provided herein." Section 22-1-314, MCA (2007). The Act recognizes that public libraries existed before 1967. We find no merit in BSB's argument that the Library cannot be a public library subject to the provisions of the Act because the Library was created before the Act was passed.

¶14 BSB next maintains that the Library cannot be regulated under this statutory scheme because the Board is not a board of trustees within the meaning of § 22-1-308, MCA (2007). BSB contends therefore that the statutory scheme can have no bearing on the operation, management, or administration of the Library.

¶15 Section 22-1-308, MCA (2007), states that upon the establishment of a public library, the mayor "with the advice and consent of the city council or city commissioners, shall appoint a board of trustees for the city library and the presiding officer of the board of county commissioners, with the advice and consent of the board, shall appoint a board of trustees for the county library." BSB followed the directive of § 22-1-308, MCA, when it passed Ordinance No. 69 shortly after the City of Butte and Silver Bow County consolidated. Ordinance No. 69 provides for an "appointed Board of citizens of Butte-Silver Bow to supervise the affairs and management of the Butte-Silver Bow Public Library." Ordinance

No. 69 further provides that the "Butte-Silver Bow Public Library Board shall have the authority to enter into agreements for the operation and care of the Butte-Silver Bow Public Library and to supervise the management and affairs of said Public Library." The Board qualifies as a board of trustees within the meaning of § 22-1-308, MCA.

¶16 We turn to § 22-1-310, MCA (2007). This statute provides that the board of trustees of each library "shall appoint and set the compensation of the chief librarian who shall serve as the secretary of the board and shall serve at the pleasure of the board." Section 22-1-310, MCA. The statute further provides that "[w]ith the recommendation of the chief librarian, *the board* shall employ and discharge such other persons as may be necessary in the administration of the affairs of the library, *fix and pay their salaries and compensation*, and prescribe their duties." (Emphasis added.)

¶17 We interpret statutes and regulations in accordance with the plain language of the provision. *Shelby Distrib. v. Montana Dept. of Revenue*, 2009 MT 80, ¶ 18, 349 Mont. 489, 206 P.3d 899; *Barnard v. Liberty Northwest Ins. Corp.*, 2008 MT 254, ¶ 17, 345 Mont. 81, 189 P.3d 1196. The plain language of § 22-1-310, MCA, grants the Board, and not BSB, the authority to determine the salaries and compensation of Library employees.

¶18 BSB lastly asserts that the Board made no effort to establish that no genuine issues of material fact existed with respect to each of BSB's three affirmative defenses of laches, waiver, and estoppel. BSB maintains that the Board failed to carry its initial burden on summary judgment.

6

¶19 We disagree. The Board's motion presents only issues of law. The Board demonstrated that no genuine issues of material fact existed and that it was entitled to judgment as a matter of law. The District Court properly considered the statutory scheme and determined that it applied to the Library. A review of the statutory scheme plainly resolves the question of whether the Board has exclusive authority to determine the salaries and compensation of Library employees. We therefore need not address BSB's arguments concerning affirmative defenses. The District Court properly granted summary judgment to the Board.

¶20 Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE